UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

TOLAND JEROME BONNER,

    Plaintiff,

v.                                Case No. 3:14cv375/MCR/CJK

J. SCOTT DUNCAN, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 4). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After careful consideration, the undersigned concludes that this action should be dismissed for failure to state a claim upon which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

    Plaintiff is a resident of Pensacola, Florida. Plaintiff is suing J. Scott Duncan, a Circuit Judge for the First Judicial Circuit Court for Escambia County, Florida, claiming Judge Duncan violated plaintiff's right to due process when he failed to recuse himself from plaintiff's probation revocation proceeding and when he revoked

plaintiff's probation for a violation not charged in the violation affidavit. (Doc. 4, pp. 5, 7). The revocation of plaintiff's probation was reversed by the Florida First District Court of Appeal on May 12, 2014. (Doc. 4, p. 5; *see also Bonner v. State*, 138 So. 3d 1101 (Fla. 1st DCA 2014)). As relief for the alleged due process violation, plaintiff seeks compensatory damages "for every day he was wrongfully convicted and incarcerated in the County Jail and Dept. of Corrections." (Doc. 4, p. 7).

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69, 1974, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from

conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

Taking the allegations of plaintiff's amended complaint as true and construing them in the light most favorable to plaintiff, the complaint fails to state a plausible claim for damages against Judge Duncan. As plaintiff was advised in the court's previous order (doc. 3), any claim for monetary damages against Judge Duncan in his official capacity is barred by sovereign immunity. Absent waiver or express congressional abrogation, neither of which is present in this case, the Eleventh Amendment is an absolute bar to an individual's suit for monetary damages against a state or its agencies, or against a state officer in his official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

Plaintiff's claim for monetary damages against Judge Duncan in his individual capacity is also barred – by judicial immunity. A judge acting in his judicial capacity is absolutely immune from suit for monetary damages. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435

U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).

An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides. *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted). The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power." 48A C.J.S. Judges § 86. Where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes. *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981) (judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction).

The conduct of which plaintiff complains – Judge Duncan's failing to recuse himself, revoking plaintiff's probation and sentencing plaintiff to imprisonment – are functions normally performed by a judge. The events occurred in open court during plaintiff's probation revocation proceeding over which Judge Duncan presided. Plaintiff's due process claim arose immediately out of plaintiff's visit to Judge Duncan in his judicial capacity. State circuit judges in Florida have exclusive

original jurisdiction to hear and determine felony criminal matters.  *See* Fla. Stat. § 26.012(2)(d).  Judge Duncan is absolutely immune from this suit for monetary damages.

Accordingly, it is respectfully RECOMMENDED:

1.  That this case be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2.  That the clerk be directed to close the file.

At Pensacola, Florida this 25th day of September, 2014.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).